**Exhibit A**

| | |
|---|---|
| **DISTRICT COURT, COUNTY OF DOUGLAS, STATE OF COLORADO**<br>4000 Justice Way Ste 2009<br>Castle Rock, CO 80109 | DATE FILED<br>August 27, 2024 2:05 PM<br>FILING ID: 3279823886517<br>CASE NUMBER: 2024CV30801 |
| **Plaintiff: JENNIFER CANDELARIA**<br><br>**v.**<br><br>**Defendant: COSTCO WHOLESALE CORPORATION, a Washington Corporation.** | ☐ COURT USE ONLY ☐ |
| Attorneys for Plaintiff:<br>J. Todd Tenge, Atty Reg. No. 22088<br>M. Paige Orgel, Atty Reg. No. 46450<br>Colin McIver, Atty Reg. No. 52905<br>**TENGE LAW FIRM, LLC**<br>2521 Broadway Street, Suite A<br>Boulder, CO 80304<br>Phone No: 303-665-2929<br>Fax No: 303-665-8788<br>E-mail: jttenge@tengelaw.com<br>porgel@tengelaw.com<br>cmciver@tengelaw.com | Case No.:<br><br>Div: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Jennifer Candelaria ("Plaintiff"), by and through her attorneys, the Tenge Law Firm, LLC, hereby submits the following Complaint and Jury Demand against Defendant Costco Wholesale Corporation ("Defendant") and states as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jennifer Candelaria ("Plaintiff") is an individual who, at all times relevant hereto, resided in Arapahoe County, Colorado.

2. Upon information and belief, Defendant Costco Wholesale Corporation ("Costco") is a Foreign Corporation licensed and in good standing to operate business in Colorado with a principal place of business at 999 Lake Drive Issaquah, Washington 98027. Defendant Costco owns and operates a business located at 18414 Cottonwood Drive Parker, Colorado 80134 (the "Costco Store").

3. This Court has subject matter jurisdiction over the claims asserted in this case, and venue is proper in the County of Douglas pursuant C.R.C.P. 98(c)(1), as the events giving rise to Plaintiff's tort claims occurred in the County of Douglas, State of Colorado.

## II. FACTUAL BACKGROUND

4. Plaintiff incorporates herein by reference the allegations set forth with specificity in paragraphs 1 through 3 of this Complaint as if fully set forth herein.

5. On September 30, 2022, Plaintiff slipped and fell on the slippery, concrete surface that had been made wet by rainwater in the foyer area of the Costco Wholesale located at 18414 Cottonwood Drive Parker, Colorado 80134, which caused her to sustain severe and permanent injuries (the "Incident").

6. Immediately prior to the Incident, Plaintiff arrived at the Costco Store at approximately 6 p.m. to go shopping.

7. Prior to the Incident, it had been raining. Defendant Costco left the overhead entrance doors to the foyer area open, allowing the rain to come inside, making the smooth, polished, concrete surface wet and slippery.

8. Upon information and belief, Defendant Costco knew or should have known that the smooth, cement flooring became very slippery when wet, posing a dangerous condition and undue risk of harm to the Costco shoppers and other invitees, like the Plaintiff.

9. Plaintiff stepped into the foyer area to get a shopping cart, when she slipped on the wet, improperly and unmarked floor, and fell hard to the ground.

10. After the Incident, Defendant Costco began placing "caution" and/or "warning" signs in the foyer area in an effort to properly alert other invitees and customers of the wet and dangerous slippery floor.

11. The location of the Incident was one where Plaintiff and other people at the Costco Store were expected to walk.

12. Defendant Costco knew or should have known that the rainwater on the floor of the Costco Store existed.

13. The rainwater on the floor of the Costco Store constituted a dangerous condition at and around the time of the Incident.

14. The rainwater on the floor of the Costco Store constituted a danger not ordinarily present on properties such as the Costco Store.

15. Defendant Costco unreasonably failed to warn Plaintiff of the danger posed by the rainwater on the floor of the Costco Store.

16. At all times relevant to this action, Defendant Costco had a duty to exercise reasonable care in maintaining the Costco Store and to use due care to ensure the safety of its invitees.

17. Defendant, with the exercise of reasonable care, knew or should have known that the rainwater on the smooth, concrete floor of the Costco Store posed a slip and fall hazard to its invitees, including Plaintiff.

18. Plaintiff sustained injuries as a result of the Incident, including, but not limited to, the following: Grade 2 open displaced comminuted fracture of the left distal femur, left knee laceration, left knee chronic pain, left leg pain and swelling, left knee post-traumatic arthritis, acute pulmonary emboli with right heart strain, acute hypoxic respiratory failure, moderate pulmonary hypertension, sleep disturbance, restrictions of activities of daily living, permanent impairment, and permanent disfigurement.

19. As a further and direct result of the above-described Incident, Plaintiff has incurred pain and suffering, together with loss of enjoyment of life, physical impairment, past medical expenses and future medical expenses as well as future damages and other harms and losses, which are continuing.

20. As a direct and proximate result of the above-described Incident, Plaintiff has incurred, and will continue to incur, economic damages and losses including, but not limited to, past and future medical, surgical, hospital, and rehabilitation expenses, mileage expenses, lost wages, and out-of-pocket expenses.

21. As a direct and proximate result of the above-described Incident, Plaintiff has incurred, and will continue to incur, non-economic damages and losses, including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, frustration and emotional distress.

22. As a direct and proximate result of the above-described Incident, Plaintiff sustained permanent injuries and physical disfigurement and impairment.

## III. <u>FIRST CLAIM FOR RELIEF</u>

**(Premises Liability pursuant to the Colorado Premises Liability Act, C.R.S. §13-21-115)**

23. Plaintiff incorporates herein by reference the allegations set forth with specificity in paragraphs 1 through 22 of this Complaint as if set forth herein.

24. The Defendant is a "landowner" pursuant to the CPLA because Defendant was the owner of the property and/or responsible for the conditions and activities conducted, or circumstances existing, at the Costco Store at the time of the Incident.

25. Plaintiff was an Invitee according to C.R.S. § 13-21-115(5)(a).

26. Pursuant to C.R.S. § 13-21-115, Defendant owed Plaintiff a statutory duty of care as an Invitee, and to exercise reasonable care to protect Invitees against dangers of which Defendant actually knew or should have known that existed at the Costco Store.

27. Defendant Costco knew, or should have known, about the rainwater on the smooth, concrete floor in the foyer of the Costco Store and the danger it posed.

28. Pursuant to the Colorado Premises Liability Act, Defendant Costco owed Plaintiff a duty to exercise reasonable care in addressing, mitigating, or eliminating the dangerous conditions which existed at the Costco Store on the date of the Incident. This included the duty to prevent rainwater from gathering in the entrance, eliminating and/or mitigating the rainwater after it had made the floor of the foyer wet, and adequately warning its invitees about the danger posed by the rainwater on the floor of the foyer.

29. Defendant Costco failed to use reasonable care to protect against dangers at the Costco Store that they actually knew or should have known, including allowing rainwater to wet the floor of the entrance, failing to eliminate and/or mitigate the rainwater after it had made the floor of the foyer wet, and failing to adequately warn its invitees about the danger posed by the rainwater on the floor of the Costco Store.

30. Defendant Costco knew or should have known that allowing the rainwater to wet the smooth, concrete floor of the Costco Store, failing to eliminate and/or mitigate it, and failing to warn against its dangers, exposed its invitees to harm, and could result in an invitee slipping and falling.

31. As a direct and proximate result of Defendant's breaches of the aforementioned duties, Plaintiff has incurred economic and non-economic injuries, damages and/or losses, as well as physical impairment and disfigurement as previously described above.

**SECOND CLAIM FOR RELIEF**
**(Negligence, Pled in the Alternative)**

32. Plaintiff incorporates herein by reference the allegations set forth with specificity in paragraphs 1 through 31 of this Complaint as if set forth herein.

33. Defendant Costco owed Plaintiff a duty to use reasonable care to maintain a safe store, free from dangerous conditions.

34. Defendant Costco breached the above-referenced duty by allowing rainwater to wet the floor of the foyer, failing to eliminate and/or mitigate the rainwater after it had made the ground of the foyer wet, and failing to adequately warn its invitees about the danger posed by the rainwater on the floor of the Costco Store.

35. Defendant Costco's above-referenced breaches of duty are a direct and proximate cause of the injuries sustained by Plaintiff as a result of the Incident.

36. As a result of Defendant Costco's breaches of the above-referenced duty, Plaintiff sustained injuries, damages, and losses as described herein.

**WHEREFORE**, Plaintiff prays for a judgment against the Defendant in an amount to be determined at trial, together with statutory interest from the date of injury, costs, expert witness fees, attorneys' fees, and for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 27th day of August, 2024.

**TENGE LAW FIRM, LLC**

*s/ J. Todd Tenge*
J. Todd Tenge, Esq.
M. Paige Orgel, Esq.
Colin McIver, Esq.
*Attorneys for Plaintiff*

Plaintiff's Address:
6714 S. Catawba Way
Aurora, CO 80016

# Search Residential, Commercial, Ag And Vacant

New Search

Printer Friendly

| | |
|---|---|
| **PIN:** | 035075117 |
| **AIN:** | 2071-30-2-17-012 |
| **Situs Address:** | 6714 S Catawba Way |
| **Situs City:** | Aurora |
| | *Photo Sketch |
| | View Parcel Map |
| **Full Owner List:** | Candelaria Don, Candelaria Jennifer |
| **Ownership Type:** | Joint Tenancy |
| **Owner Address:** | 6714 S Catawba Way |
| **City/State/Zip:** | Aurora, CO 80016-5943 |

Treasurer's Tax Information

2023 Traditional Notice of Value

Sales by Tax Year And Neighborhood
2023/2024
2021/2022
2019/2020
2017/2018
2015/2016
2013/2014
2011/2012
2009/2010
2007/2008
2005/2006
Complete Neighborhood Sales Information History

Tax District Levies

| | |
|---|---|
| **Neighborhood:** | Tallyn's Reach North Flgs 6 & 11 |
| **Neighborhood Code:** | 2293.00 |
| **Acreage:** | 0.4220 |
| **Land Use:** | Traditional |
| **Legal Desc:** | Lot 12 Blk 1 Tallyn's Reach North Sub 11Th Flg |

**Notifications!**

| | **Total** | **Building** | **Land** |
|---|---|---|---|
| *2024 Appraised Value* | 898,500 | 698,500 | 200,000 |
| *2024 Assessed Value* | 56,515 | 43,115 | 13,400 |
| | | **2023 Mill Levy:** | 106.292 |

| *Sale* | **Book Page** | **Date** | **Price** | **Type** |
|---|---|---|---|---|
| | D708 3515 | 07-21-2017 | 566,138 | |
| | D314 2392 | 11-25-2013 | 0 | |

| *Building* | **Building** | **Attributes** | **Recorded** |
|---|---|---|---|